Rockingham,
Jan. 6, 1925.

STATE, *by* HELEN BRAGG, *Complainant*, v. ORSINO S. GILES.

An appeal from a municipal court must be dismissed when the appelant has not entered into a recognizance or filed a bond as required by the statute allowing the appeal.

The right of appeal is purely statutory, and to render the appeal valid all conditions imposed by the statute must be complied with.

APPEAL, from the judgment of the municipal court of Hampton dismissing a complaint under P. S., *c.* 87, known as the bastardy act.

Transferred by *Allen*, J., on the exception of the complainant to an order of the superior court (*Kivel*, C. J.) dismissing the appeal which had been granted by the municipal court. No recognizance was entered into, nor bond filed.

*Sleeper & Brown*, for the state.

*Shute & Shute, John Scammon* and *Frank A. Batchelder*, for the respondent.

SNOW, J. The rules of civil proceedings are applicable to complaints under P. S., c. 87. *Marston* v. *Jenness*, 11 N. H. 156, 161; *Little* v. *Dickinson*, 29 N. H. 56, 61; *Stokes* v. *Sanborn*, 45 N. H. 274, 276; *Richmond* v. *Bowen*, 54 N. H. 99, 101; *Ford* v. *Smith*, 62 N. H. 419.

"Either party may appeal from the judgment of a justice, in a civil cause, to the next trial term of the supreme [superior] court." "No such appeal shall be allowed unless claimed within two hours after the judgment is rendered, nor unless the party appealing, within twenty-four hours, enters into recognizance, or files with the justice a bond to the adverse party, with sufficient sureties, in the sum of one hundred dollars, to pay the costs which may be recovered against him." P. S., c. 210, ss. 7, 8. This statute is conclusive of the complainant's rights. As she failed to enter into a recognizance, or file a bond, the municipal court had no power to grant her appeal. *Gilman* v. *Bartlett*, 20 N. H. 168; *Farnam* v. *Davis*, 32 N. H. 302, 309; *Dickey* v. *Livermore*, 34 N. H. 199, 201; *State* v. *White*, 41 N. H. 194, 196. "An appeal from a subordinate tribunal's determination of fact is unknown to the common law. It exists only by statute. . . . The court cannot allow an appeal where none is provided, nor can it dispense with any of the prescribed conditions of an appeal that is provided. When the legislature declares that before an appeal is granted the appellant shall enter into a recognizance, the court cannot say that it shall be granted without a recognizance." *State* v. *Gerry*, 68 N. H. 495, 502.

*Exception overruled.*

All concurred.